UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>           Plaintiff,<br>    v.<br>MANUEL ALONZO,<br>           Defendant. | Case No. 20-mj-70469-MAG-1  (SVK)<br><br>**DETENTION ORDER** |

This matter came on for a public telephonic detention hearing on May 21, 2020. Defendant consented to appear telephonically, in light of the current public health restrictions. AFPD Dejan Gantar, AUSA Aseem Padukone and Pretrial Services Officer Truong also appeared telephonically. The Government filed a motion for detention (Dkt. 6). Both parties were allowed an opportunity to call witnesses and to present evidence; both parties presented arguments by way of proffer through counsel.

Defendant is charged with violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Cocaine, Heroin, and Methamphetamine, which creates a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A). A pre-bail report prepared by Pretrial Services on May 21, 2020, recommends that Defendant be detained as a risk of flight. As reasoned below, the Court finds that Defendant has failed to satisfy his burden of production to rebut the presumption of detention.

The Court adopts the facts set forth in the Pretrial Services report, supplemented by the Government's declaration in support of its motion for detention (Dkt. 6-1, 6-2), and information provided at the hearing. The Court finds that the Government has established by more than a preponderance of the evidence that the Defendant poses a risk of nonappearance that cannot be

reasonably mitigated by any combination of conditions.  The reasons for detention include the following:  Defendant's transient status, until just the past thirty days during which Defendant has resided at a hotel paid for the by the City of San Francisco; Defendant's prolonged state of unemployment;  Defendant's absence of ties to the community, other than the recent provision of a residential hotel;  Defendant's ties to foreign countries;  Defendant's use of 11 aliases over several years; Defendant's significant substance abuse issues; the proffer that the Defendant fled from officers at the time of arrest;  and the absence of any bail resources.  As a mitigating factor, the defense argued that Defendant was arrested thirty days ago and has been aware that court proceedings are pending, yet during that time he has resided at the residential hotel.  The Court gave careful consideration to this factor however concludes that it is not enough to overcome the presumption of risk of nonappearance in light of the factors cited above.

The Court further finds that the Government has established by clear and convincing evidence that the Defendant poses a danger to the community that cannot be reasonably mitigated by any combination of conditions.  The circumstances leading to Defendant's arrest, as set forth in Dkt. 6-2 and summarized in the Government's motion, describe an unprovoked incident wherein Defendant, wearing a hood and mask, approached a victim, brandished a knife, and when the victim ran, chased the victim.  Further, upon being approached by uniformed police officers, Defendant failed to heed the officers' instructions and warnings, leading to Defendant being tackled by one of the officers.  At the time of his arrest, Defendant was found to be in possession of significant amounts of illegal substances, including cocaine products, heroin, methamphetamine.  Defense counsel argued that supervised release, with location monitoring, could sufficiently mitigate any risk of danger, however the Court is not so persuaded.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal.  The Defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United State or on the request of an attorney for the Government, the

person in charge of the corrections facility must deliver the Defendant to the United States Marshal for the purpose of appearance in connect with a court proceeding.

**SO ORDERED.**

Dated: May 22, 2020

SUSAN VAN KEULEN
United States Magistrate Judge